IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH RAY JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-442-F |
| | ) | |
| OFFICER CANTRALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Kenneth Ray Johnson, Jr. is a state prisoner who claims that his testicles and penis were sadistically squeezed by a prison guard. Mr. Johnson has sued the guard and his employer, claiming that they violated the federal constitution. The guard and employer move for summary judgment, arguing that Mr. Johnson has not exhausted available administrative remedies. The Court has only one question to answer: Have the Defendants established a failure to pursue any available administrative remedies?

The answer is *no*, as the Defendants have not demonstrated as a matter of law that there were any possible remedies open to Mr. Johnson if he had utilized the grievance process.

## I. Summary Judgment Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Because exhaustion is an affirmative defense, the Defendants bear the burden of persuasion.[2] To obtain summary judgment on this defense, the Defendants "must demonstrate that no disputed material fact exists."[3]

## II. The Requirement of Administrative Exhaustion

When a prisoner sues under federal law over the conditions of confinement, he must exhaust "such administrative remedies as are available."[4] The Defendants argue that the Plaintiff could have pursued administrative remedies through the prison's grievance process. This argument is invalid. Mr. Johnson could have filed a grievance and apparently didn't. But, federal law requires exhaustion of available administrative remedies — not processes.

---

[1] Fed. R. Civ. P. 56(a).

[2] *See Jones v. Bock*, 549 U.S. 199, 216-18 (2007) (the defendant bears the burden to plead and prove a prisoner's failure to exhaust administrative remedies ).

[3] *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[4] Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2006).

The administrative process need not provide the inmate with an ideal remedy.[5] But, there must be at least some kind of relief available to the prisoner.[6]

Mr. Johnson didn't exhaust administrative processes. But he had no obligation to do so. He had to exhaust available administrative remedies, and the Defendants have not identified a single administrative remedy that would have been open to Mr. Johnson.

One conceivable remedy would involve money damages. But the Defendants acknowledge that such damages aren't available through the grievance process.[7]

The prison administrator could also discipline the guard. But the grievance process says that it is not available to address requests for disciplinary action against staff.[8]

---

5 *See Booth v. Churner*, 532 U.S. 731, 734 (2001) (holding that a prisoner seeking money damages must complete an administrative process "that could provide some sort of relief on the complaint stated, but no money").

6 *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004) ("[T]he modifier 'available' in [Section 1997e(a)] means that inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief."), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'").

7 Def.'s Reply at 4.

8 Special Report, Exh. 9 at 3.

The agency could also transfer the inmate.[9] But, by the time Mr. Johnson filed the suit, he had already been transferred to the Jackie Brannon Correctional Facility in McAlester, Oklahoma.[10]

In their reply, the Defendants point out that Mr. Johnson hadn't obtained money damages in the administrative proceedings.[11] But, the Defendants concede that Mr. Johnson couldn't have obtained monetary relief through the grievance process.[12]

The Defendants also note the Plaintiff's statement in the complaint that he had obtained administrative relief, but add that the remedy was incomplete without the money being sought here.[13] The administrative relief was incomplete, as the Defendants say, but the shortcoming does not suggest the availability of other remedies through the grievance process. Mr. Johnson obtained an internal investigation, which was the only identifiable remedy open to Mr. Johnson through the agency.

A similar issue arose in *Brown v. Valoff*.[14] There a state prisoner claimed that an officer had committed an assault. The prisoner pursued the grievance process and the warden said that he was "partially" granting relief by promising an investigation and referral to the

---

9 *See infra* p. 5 (discussing *Brown v. Valoff*, 422 F.3d 926, 939-40 (9th Cir. 2005)).

10 *See* Complaint at 1.

11 Def.'s Reply to "Pl's Obj. to Def.'s Mot. for Summ. J." at 2-4.

12 *See supra* p. 3.

13 Def.'s Reply to "Pl's Obj. to Def.'s Mot. for Summ. J." at 1-2.

14 422 F.3d 926 (9th Cir. 2005).

Office of Internal Affairs.[15] The officer urged a failure to exhaust the grievance process, arguing that one could imagine potential remedies such as transfer of the officer to a different post, transfer of the inmate to another cell or prison, or modification of procedures.[16] The appeals court rejected the argument, stating that the exhaustion defense "require[d] evidence, not imagination."[17]

The facts in *Brown v. Valoff* are similar, and the court's reasoning applies equally here. Like the inmate in *Brown*, Mr. Johnson filed a report and officials authorized medical and psychiatric treatment, undertook an internal investigation, and instructed the officer in how to conduct a pat search.[18]

At that point Mr. Johnson could have filed a grievance — just as the prisoner in *Brown* could have continued to pursue the administrative process. But the Defendants have not identified a possible remedy for a successful grievance. Without identification of something that the agency could have done for Mr. Johnson, the Court cannot rule as a matter of law that he has failed to exhaust an available administrative remedy. Thus, the Court should deny the Defendants' summary judgment motion.

---

15 *See Brown v. Valoff*, 422 F.3d 926, 930-31 (9th Cir. 2005).

16 *Brown v. Valoff*, 422 F.3d 926, 939-40 (9th Cir. 2005).

17 *Brown v. Valoff*, 422 F.3d 926, 940 (9th Cir. 2005).

18 Special Report, Exh. 10.

III. Notice of the Right to Object

The parties can object to the present report. Any such objection must be filed with the Clerk of this Court by October 4, 2012.[19] The failure to timely object could prevent appellate review of the proposed ruling.[20]

IV. Status of the Referral

The referral is discharged.

Entered this 17th day of September, 2012.

Robert E. Bacharach
Robert E. Bacharach
United States Magistrate Judge

---

19 *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

20 *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).